**Brent E. TAYLOR, Respondent,**

v.

**WILSHIRE CREDIT CORPORATION, a Nevada Corporation, and the Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2004–15, Appellants,**

**Michael Taylor Rentals, LLC, and Martinsburg Bank and Trust, Intervenors/Respondents.**

**No. ED 100363.**

Missouri Court of Appeals, Eastern District, Division Two.

May 20, 2014.

Rhiana A. Luaders, Brian C. Walsh, Kate E. Hart, St. Louis, MO, for appellants.

David G. Wasinger, Michael K. Daming, St. Louis, MO, for intervene/respondents.

Before LAWRENCE E. MOONEY, P.J., ROBERT G. DOWD, JR., J. and SHERRI B. SULLIVAN, J.

## ORDER

PER CURIAM.

The lienholders, Wilshire Credit Corporation and The Bank of New York as Trustee for the Certificateholders of CWABS, Inc. Asset–Backed Certificates, Series 2004–15, appeal the judgment of the Circuit Court of Warren County denying their motion to set aside the default judgment obtained against them by the plaintiff, Brent Taylor, in his action to quiet title to certain real property. Finding no error, we affirm.[1]

An opinion would have no precedential value. We have provided the parties with a memorandum, for their information only, setting forth the reasons for this decision. We affirm the trial court's judgment. Rule 84.16(b).

---

1. The plaintiff had filed a separate quiet-title action in the Circuit Court of Warren County nearly two years earlier, on May 21, 2010, against the homeowners Bryan and Tina Ferguson. The plaintiff obtained a default judgment without attempting personal service of either homeowner, and the homeowners sought, under the Servicemembers Civil Relief Act, 50 App. U.S.C. sec. 501 *et seq.*, to set aside that default judgment quieting title in the plaintiff. The trial court denied the homeowners' motion as well, and the homeowners have appealed separately. We have reversed and remanded that judgment for an evidentiary hearing. We observe that the rights and liabilities that exist between the homeowners and the lienholders have not yet been adjudicated in either of these cases because they were never joined as parties in the same action.